UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10472-RWZ

AHMED H. ADAM

v.

ERIC H. HOLDER, JR.
United States Attorney General

ORDER
February 8, 2011

ZOBEL, D.J.

Plaintiff Ahmed Adams, appearing pro se, alleges that he was denied employment by the FBI after he a failed a polygraph test. In aid of his case he has engaged a polygraph expert who has requested certain data pertaining to the tests administered by the FBI. The court has ordered defendant to provide (1) unredacted copies of plaintiff's polygraph charts only as to the alpha-numeric designators of the relevant and diagnostic polygraph examination questions; and (2) questions to which plaintiff's answers were inconclusive and/or deceptive. Because the totality of the charts and questions is privileged, the court did not order defendant to produce all charts or the entire list of questions. Defendant produced documents in compliance with the order. Thereafter, plaintiff requested that his expert be allowed to discuss the polygraph results with the FBI. The court granted that request as well, provided that the discussion be in writing and subject to a protective order. Two motions are pending.

First, plaintiff filed a "Motion to find out why defendant has failed to provide the answers of plaintiff's polygraph expert ..." (Docket # 45). The government opposed on the ground that the expert never served any questions on defendant's counsel. Plaintiff does not say otherwise. At a conference with counsel on September 9, 2010, the court ordered plaintiff to file a report by October 29, 2010, as to the status of the case and, specifically, whether he intended to proceed. Plaintiff thereafter sought and was granted an extension of time to December 28, 2010, to file the report. No such report was filed. Instead, plaintiff submitted the second motion (Docket # 50), which again requests all charts and all questions.

Both motions are denied, the first because plaintiff's expert did not engage in the written exchange authorized, the second because the information sought is privileged and the court has twice previously denied the request.

Because plaintiff has failed to inform the court explicitly whether he intends to proceed with this case and because implicitly it is clear that he cannot, the complaint will be dismissed for failure to prosecute. Judgment may be entered dismissing the complaint.

|  February 8, 2011  |  /s/Rya W. Zobel  |
|  DATE  |  RYA W. ZOBEL  |
|  |  UNITED STATES DISTRICT JUDGE  |

2